UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN R. JAMES,

    Plaintiff,

Case No. 07-14129

v.

Honorable John Corbett O'Meara

AT&T CORPORATION d/b/a AT&T
MIDWEST SERVICES,

    Defendant.
_____/

## ORDER DENYING
## PLAINTIFF'S OCTOBER 20, 2008 AND NOVEMBER 14, 2008 MOTIONS

This matter came before the court on plaintiff Karen R. James' October 20, 2008 Motion for Order to Provide 21 Days for Review and Possible Rescission of Settlement Agreement and her November 14, 2008 Motion to Permit 21 Days to Start From Date of the Court's Decision. Defendant AT&T filed responses October 28 and November 25, 2008. No oral argument was heard.

## BACKGROUND FACTS

Plaintiff Karen James filed this action in September 2007, seeking damages under Title VII of the Civil Rights Act of 1964 for race and sex discrimination, retaliation and hostile work environment; 42 U.S.C. § 1981 for race discrimination and retaliation; the Americans with Disabilities Act for retaliation; and the Family Medical Leave Act.

A year later, on September 2, 2008, the parties' counsel confirmed in writing that they had reached an agreement to settle the lawsuit. Defendant's Exs. A and B. Three days later, Defendant's counsel forwarded Plaintiff's counsel e-mail correspondence indicating that a Settlement Agreement and Release would be forthcoming and that it was to be executed on October

1, 2008. Ex. C. On September 17, 2008, Defendant's counsel forwarded the Settlement Agreement and Release containing the same agreed upon material terms and again indicating that it be executed by Plaintiff on October 1, 2008. That same day Plaintiff's counsel responded with a list of proposed, non-material changes to the Agreement.

As Plaintiff continued to propose non-material additions, Defendant's counsel added non-material concessions to the Settlement Agreement, first on September 23, 2008, and again on October 3, 2008. As late as October 13, 2008, Plaintiff continued to request non-material changes. Finally, on October 14, 2008, Defendant indicated that it would no longer entertain any additions, as Plaintiff had the material Agreement for several weeks and had continually delayed signing it. Defendant made it clear that if she did not sign, the offer would be withdrawn. Defendant's counsel also advised that Plaintiff had already had more than 21 days to review the Agreement, which expressly contained that provision. Plaintiff signed the Agreement on October 14, 2008, acknowledging that she had been provided 21 days to review it. She did not sign "under protest." More importantly, she did not revoke the Agreement within the seven days allotted.

## LAW AND ANALYSIS

Pursuant to 29 U.S.C. § 626(F)(i), a plaintiff is given a period of at least 21 days within which to consider an agreement that waives any claim he or she may have under the Age Discrimination in Employment Act of 1967. Non-material changes to an agreement, however, do not restart the 21-day period to consider the agreement. "The 21 . . . day period runs from the date of the employer's final offer. Material changes to the final offer restart the running of the 21 . . . day period; changes made to the final offer that are not material do not restart the running of the 21 . . . day period." 29 C.F.R. § 1625.22(e)(4).

In this case, there is no dispute that there had been no *material* changes made to the Agreement after September 2, 2008, the date of Defendant's final offer and the date upon which the parties agreed to the settlement. From that date until October 14, 2008, the date upon which Plaintiff finally signed the Agreement, Plaintiff had six weeks to review it--twice the allotted 21 days provided by statute. In addition, Plaintiff failed to revoke the Agreement within seven days after signing, which was also provided by the terms of the Agreement. Therefore, the court will deny Plaintiff's motion requesting 21 days for review of the Agreement and deny as moot Plaintiff's subsequent motion to permit the 21 days to start from the date of the court's decision.

## ORDER

It is hereby **ORDERED** that Plaintiff's October 20, 2008 Motion for Order to Provide 21 Days for Review and Possible Rescission of Settlement Agreement is **DENIED.**

It is further **ORDERED** that Plaintiff's November 14, 2008 Motion to Permit 21 Days to Start from Date of Court's Decision is **DENIED AS MOOT.**

                                       s/John Corbett O'Meara
                                       United States District Judge

Date: February 27, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 27, 2009, by electronic and/or ordinary mail.

                                       s/William Barkholz
                                       Case Manager